IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **VICTOR MODESTO HERNANDEZ MORALES,** *Plaintiff,* | § § § § § § § § § § § § § § § § § | |
| **v.** | | **CIVIL ACTION NO. 4:23-CV-281** |
| **EMILY MARIANA VARELA SARMIENTO,** *Defendant.* | | |

### VERIFIED PETITION FOR RETURN OF CHILD TO PETITIONER AND FOR IMMEDIATE ISSUANCE OF SHOW CAUSE ORDER TO RESPONDENT

NOW INTO COURT, through undersigned counsel, comes Petitioner Victor Modesto Hernandez Morales, and would respectfully show the Court as follows:

### I. INTRODUCTION

1.      This Petition is brought pursuant to The Convention on the Civil Aspects of International Child Abduction, confected at the Hague on October 25, 1980 (the "Convention"),[1] and implemented by Congress through the International Child Abduction Remedies Act, 22 U.S.C. § 9001 *et seq.* ("ICARA").   The Convention came into effect in the United States on July 1, 1988. The Republic of Ecuador is also a contracting state to the Convention.[2]

---

[1] T.I.A.S. No. 11,670, 1343 U.N.T.S. 98, *reprinted* in 51 Fed. Reg. 10,494 (Mar. 26, 1986), a copy of which is attached as **Exhibit A**.

[2] *See* U.S. HAGUE CONVENTION TREATY PARTNERS, https://travel.state.gov/content/travel/en/International-Parental-Child-Abduction/abductions/hague-abduction-country-list.html (last visited Jan. 19, 2023).

PD.40941066.1

2.      The objects of the Convention are (i) to secure the immediate return of a child wrongfully removed or wrongfully retained in any Contracting State[3] and (ii) to ensure that rights of custody and of access under the law of one Contracting State are effectively respected in other Contracting States.[4]   The Convention is intended to restore the pre-abduction status quo and to deter parents from crossing international borders in search of a more sympathetic court. A court considering an ICARA petition has jurisdiction to decide only the merits of the wrongful removal claim under the Convention, not of any underlying custody dispute.[5]

## II. JURISDICTION AND VENUE

3.       This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 22 U.S.C. § 9003(a) because this case involves the removal and retention of a child under the age of sixteen from his habitual residence of Ecuador to the United States of America.[6]

## III. STATUS OF PETITIONER AND CHILD

4.       The Petitioner, Victor Modesto Hernandez Morales, is a citizen of the Republic of Ecuador.   Respondent, Emily Mariana Varela Sarmiento, is a citizen of Venezuela and a permanent resident of Ecuador.   Petitioner and Respondent are the parents of a son, VAHV,[7] who was born in Miami, Florida on April 27, 2018. Though a citizen of the United States by birth, he is also an Ecuadoran citizen. VAHV has spent the vast majority of his life—from age three months

---

[3] Convention, Art. 1(a).

[4] Convention, Art. 1(b).

[5] 22 U.S.C. § 9001(b)(4).

[6] *Abbott v. Abbott*, 560 U.S. 1, 9 (2010); *Sealed Appellant v. Sealed Appellee*, 394 F.3d 338, 342 (5th Cir. 2004).

[7] Pursuant to Federal Rule of Civil Procedure 5.2, the name of the child has been redacted in all exhibits to this Petition, and the initials VAHV are used in lieu of his full name.

to his unlawful removal at age four—in Ecuador. [8]  Respondent removed VAHV from Ecuador on or about January 25, 2022.

5.    Petitioner and Respondent, who were never married, worked together in the care of VAHV until 2020, when Respondent traveled to Spain with VAHV over Petitioner's objection. After becoming concerned with Respondent's ability to provide adequate living conditions for VAHV overseas, Petitioner traveled to Spain and brought VAHV back to Ecuador, providing VAHV and Respondent with a place to live.

6.    After their return from Spain in 2020, VAHV spent the majority of his time with Petitioner. Then, in 2021, Respondent began preventing Petitioner from seeing VAHV.

7.    In response to Respondent's refusal to allow Petitioner to see his son, Petitioner petitioned the Ecuadorian Judicial Unite for Family, Women, Children and Adolescents to establish a visitation regime whereby Respondent would be required to allow Petitioner to visit VAHV. The petition was filed on or about September 3, 2021.

8.    On or about September 28, 2021, Petitioner was granted visitation rights by the Ecuadorian court. Respondent did not comply with the court's order, which expressly stated that Respondent was not to hinder compliance with the regime.

9.    On or about January 28, 2022, the Ecuadoran court ordered an expanded visitation regime. Rather than comply with the visitation regimes ordered by the Ecuadorian court, Respondent unlawfully removed VAHV from Ecuador.

---

[8] *See* Birth Certificates [redacted] recorded in Republic of Ecuador General Directorate of Civil Registry, attached as **Exhibit B**, English translation provided, and in State of Florida.

10.    Respondent did not request that Petitioner allow Respondent to take VAHV to the United States. Given the Ecuadorian court's orders regarding visitation, Petitioner would have refused any such request by Respondent to take VAHV outside of Ecuador.

11.    Since removing VAHV to the United States, Respondent has not communicated with Petitioner. Because of Respondent's actions, both before and after the unlawful removal, Petitioner has not spoken to his son for over a year and a half.

12.    Petitioner understands, on information and belief, that Respondent is currently living in the Houston, Texas area with VAHV. Although Petitioner has not been able to speak with Respondent or VAHV, he believes that Respondent and VAHV are living with Respondent's family in the Houston area and/or are being supported by Respondent's family.

13.    Petitioner has repeatedly attempted to reach Respondent, to no avail.

14.    On or about April 11, 2022, the Ecuadorian court found that Respondent was outside the country.

15.    Promptly after receiving the Ecuadorian court's finding that Respondent was outside of Ecuador, Petitioner took action to find and return VAHV to his rightful home. Petitioner filed a Request for Return with the Ecuadorian Central Authority on April 19, 2022, as required by the Convention.[9]

16.    The Ecuadorian Central Authority transmitted Petitioner's application to the United States Department of State, which commenced a search for VAHV in the United States. The State Department located Respondent and VAHV in Humble, Texas.

---

[9] *See* Petitioner's Application [redacted] under the Hague Convention on the Civil Aspects of International Child Abduction, attached as **Exhibit C**, with English translation provided.

PD.40941066.1

17.    On or about December 1, 2022, the State Department sent a letter notifying Respondent that Petitioner had filed an application seeking assistance under the Convention in returning VAHV to Ecuador.

18.    Respondent has not responded to the State Department's letter.

## IV.    THE CONVENTION APPLIES TO THE REMOVAL AND RETENTION OF SOOM IN THE UNITED STATES OF AMERICA

19.    The Convention applies to cases such as this, where a child under the age of sixteen years has been removed from his habitual residence in breach of Petitioner's rights of custody, which Petitioner was exercising at the time of the wrongful removal or wrongful retention of the child.

## V. PRIOR TO THE WRONGFUL REMOVAL, SOOM'S HABITUAL RESIDENCE WAS IN HONDURAS

20.    VAHV was a habitual resident of Ecuador at the time of his wrongful removal. From the time VAHV traveled to Ecuador after his birth in Miami in April 2018 until his wrongful removal by Respondent, VAHV continuously resided in Ecuador. Petitioner and Respondent never shared the intention of VAHV abandoning his habitual residence of Ecuador. Petitioner did not acquiesce or consent to the removal of VAHV from Ecuador or his retention outside Ecuador. Since VAHV's abduction, Petitioner has demanded that Respondent return their son to Ecuador. However, Respondent's actions indicate that she does not intend to return VAHV to Ecuador and that she has unilaterally decided to move VAHV to the United States.   Therefore, the habitual residence of VAHV at the time of his removal and the filing of this Complaint was Ecuador.

## VI. PETITIONER HAS RIGHTS OF CUSTODY TO THE CHILD

21.    Petitioner had rights of custody with respect to VAHV at the time Respondent wrongfully removed VAHV to the United States of America.   The Convention defines "rights of

5

custody" as "rights relating to the care of the person of the child and, in particular, the right to determine the child's place of residence."[10]

22.     When there is no formal custody agreement between parents, courts "must apply the laws of the country of the child's habitual residence to determine if the non-removing parent had 'rights of custody' within the meaning of the Convention."[11]

23.     Petitioner has a judicially approved right to custody over VAHV from the Ecuadorian Judicial Unit for Family, Women, Children and Adolescents. The Ecuadorian court's orders clearly provide that Petitioner has rights relating to the care of VAHV.

24.     Pursuant to the Ecuadorian Code of Childhood and Adolescence, Petitioner has parental authority over the direction and maintenance of the care of VAHV. This parental authority and responsibility vests Petitioner with custody rights with respect to VAHV from the time of his birth.  Petitioner continually exercised his parental responsibilities and never relinquished these rights; nor was a judgment ever made in Ecuadorian court to revoke Petitioner's rights. Petitioner's rights were violated when Respondent removed VAHV from Ecuador in January 2022 without his consent.   These rights continue to be violated during VAHV's wrongful retention in the United States of America.

25.     Additionally, regarding authorization for VAHV's international travel, Ecuadorian law requires that children and adolescents residing in Ecuador who travel outside the country with one parent must have the approval of the other parent.[12]  Petitioner did not approve of Respondent's removal of VAHV from Ecuador as is required by the Code. Thus, Respondent's removal of

---

[10] Convention, Art. 5.

[11] *Sealed Appellant*, 394 F.3d at 343.

[12] *See* Article 109 of the Ecuadorian Code on Childhood and Adolescence, attached as **Exhibit D**.

PD.40941066.1

VAHV from Ecuador without Petitioner's authorization is unlawful under Ecuadorian law and the

Convention.

## VII. PETITIONER WAS EXERCISING HIS RIGHTS OF CUSTODY WHEN THE CHILD WAS WRONGFULLY REMOVED

26.    Petitioner was exercising his rights of custody when Respondent wrongfully

removed VAHV to the United States of America.   Petitioner and Respondent shared custody of

VAHV from the time he was born until his abduction.   Petitioner and Respondent both provided

for VAHV's care and well-being.   Petitioner has attempted to maintain contact with VAHV since

Respondent's wrongful removal of VAHV.

## VIII. WRONGFUL REMOVAL AND WRONGFUL RETENTION OF THE CHILD UNDER THE CONVENTION

27.    Respondent's removal of VAHV from Ecuador was wrongful under the

Convention.   Article 3 of the Convention provides that the removal or retention of a child is

wrongful where (i) it is in breach of custody rights attributed to a person under the law of the State

in which the child was a habitual resident immediately before the removal or retention and (ii) at

the time of removal or retention, those custody rights were actually being exercised or would have

been exercised but for the removal or retention.[13]

28.    Under Article 3 of the Convention, Respondent's removal and retention of VAHV

is wrongful.   VAHV was a habitual resident of Ecuador at the time Respondent removed VAHV

to the United States of America.   Petitioner had rights of custody under the Ecuadorian civil code

at the time of VAHV's removal, and Petitioner was exercising those custody rights at the time of

---

[13] *Lops v. Lops*, 140 F.3d 927, 935 (11th Cir. 1998) ("The removal of a child from the country of his or her habitual residence is 'wrongful' under the Hague Convention if a person in that country is, or would otherwise be, exercising custody rights to the child under that country's law at the moment of removal."); *see also Friedrich v. Friedrich,* 78 F.3d 1060, 1064 (6th Cir. 1996); Convention, Art. 3.

VAHV's removal to the United States.   Thus, Respondent's removal of VAHV from Ecuador and her retention of VAHV in the United States since on or around January 25, 2022, is wrongful under the Convention.

## IX. PROVISIONAL REMEDIES[14]

29.    In light of the above law and facts, VAHV is being illegally held in custody, confinement, and/or restraint by Respondent.   Unless this Court takes immediate action to bring VAHV and Respondent before the Court, irreparable harm will occur. VAHV is being denied all proper access to his father, his father's family, and his culture, and he is being wrongfully detained in Texas. Unless a show cause order is issued, Petitioner will continue to have no proper or meaningful contact whatsoever with his son, VAHV.

30.    Petitioner requests that the Court issue a show cause order and direct that the order be served immediately by United States Marshals on Respondent and that she be brought before this Court with the child forthwith.   Under the Section of ICARA titled "Provisional Remedies," 22 U.S.C. § 9004 provides that, in a proceeding under 22 U.S.C. § 9003(b) for the return of a child, "no Court exercising jurisdiction . . . may . . . order a child removed from a person having physical control of the child unless the applicable requirements of State law are satisfied."

31.    In this case, the State law referred to is that of Texas because VAHV is present within the State of Texas.   In Texas, the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA") is the source for statutory law governing the resolution of both domestic and international child custody disputes.[15]   Texas law addresses the appearance of the parties and the

---

[14] This Court "[i]n furtherance of the objectives of . . . the Convention . . . may take or cause to be taken measures under Federal or State law, as appropriate, to protect the well-being of the child involved or to prevent the further removal or concealment before the final disposition of the petition." 22 U.S.C. § 9004.

[15] TEX. FAM. CODE §§ 152.001, 152.105.

PD.40941066.1

child in such cases, and authorizes this Court to order the appearance of the child and his custodian(s) together.[16]

32.   Petitioner requests, for the well-being of VAHV, that he be given immediate access to VAHV pending further hearing in this Court.

33.   Additionally, as Respondent is a citizen of Venezuela and permanent resident of Ecuador, it is within her power to leave the jurisdiction of this Court.   If Respondent should leave the jurisdiction of this Court, the ability of the Petitioner to enforce his legal rights will be irreparably injured. Pending further hearing in this Court, Petitioner requests this Court issue an immediate order prohibiting the removal of VAHV from the jurisdiction of this Court, taking into safe-keeping all of the child's travel documents and setting an expedited hearing on this Petition for Return of Child to Petitioner.

34.   Petitioner submits the information required under Tex. Fam. Code § 152.209 in **Exhibit E**.

### X. NOTICE OF HEARING

35.   Pursuant to 22 U.S.C. § 9003(c), Respondent Emily Mariana Varela Sarmiento will be given notice of any hearing in accordance with Tex. Fam. Code § 152.205, the UCCJEA, and the Federal Rules of Civil Procedure.[17]

---

[16] "In a child custody proceeding in this state, the court may order a party to the proceeding who is in this state to appear before the court in person with or without the child.   The court may order any person who is in this state and who has physical custody or control of the child to appear in person with the child." TEX. FAM. CODE § 152.210.

[17] While the Convention itself does not specify any specific notice requirements, ICARA provides that notice be given in accordance with the applicable law governing notice in interstate child custody proceedings, 22 U.S.C. § 9003(c).   In the United States of America, the Parental Kidnaping Prevention Act ("PKPA"), 28 U.S.C. § 1738A, and the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA") govern notice in interstate child custody proceedings.   The UCCJEA and Part (e) of the PKPA provide that reasonable notice and opportunity to be heard must be given to all parties before a

PD.40941066.1

## XI. ATTORNEY'S FEES AND COSTS

36.     Petitioner respectfully requests that this Court award to him all costs and attorneys' fees incurred in prosecuting this action and all costs associated with returning VAHV to Ecuador, as required by 22 U.S.C. § 9007(b)(3).

## XII. RELIEF REQUESTED

37.     Congress does not mince words when it comes to international child abduction: "The international abduction or wrongful retention of children is harmful to their well-being. Persons should not be permitted to obtain custody of children by virtue of their wrongful removal or retention."[18]  In the ICARA, which implemented the Convention in the United States, Congress sought to ensure quick and decisive action in cases of international abduction. The aim of these laws is the "prompt return of children who have been wrongfully removed or retained."[19]  Article 11 of the Convention states that a petition for return of an abducted child such as this shall be determined expeditiously, preferably "within six weeks from the date of commencement of proceedings."[20]  In light of the legislative and Convention language providing for swift resolution of this child abduction case, Petitioner requests that the Court to act with all reasonable dispatch to resolve this matter.

**WHEREFORE,** Petitioner, Victor Modesto Hernandez Morales, respectfully requests the following relief:

---

custody determination is made.  The UCCJEA further provides that notice shall be given in a manner reasonably calculated to give actual notice.   Here, actual notice will be given.

[18] 22 U.S.C. § 9001(a)(1)-(2).

[19] 22 U.S.C. § 9001(a)(4).

[20] Convention, Art. 11.

PD.40941066.1

(a)    the issuance of an immediate Order prohibiting the removal of the child from the jurisdiction of this Court;

(b)    an Order directing prompt return of VAHV to his habitual residence of Ecuador;

(c)    the issuance of an Order directing that the child, together with Respondent, be brought before this Court by any United States Marshal, federal officer, or police officer;

(d)    an Order commanding Respondent to appear in this Court with the child to show cause why the child has been kept from his father in contravention of Ecuadorian law;

(e)    an Order directing Respondent to pay Petitioner's legal costs and fees and all costs associated with the return of VAHV to Ecuador; and

(f)    any such further relief as justice and its cause may require.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:    _/s/ G. Evan Spencer_

G. Evan Spencer *attorney-in-charge*
Texas Bar No. 24113493
S.D. Bar No. 3748768
Elly Austin Vecchio
Texas Bar No. 24076252
S.D. Bar No. 1214484
910 Louisiana St., Ste. 4300
Houston, Texas 77002
Telephone: (713) 225-7222
Telecopier: (713) 626-1388
evan.spencer@phelps.com
elly.vecchio@phelps.com

**ATTORNEYS FOR PETITIONER
VICTOR MODESTO HERNANDEZ
MORALES**

11

PD.40941066.1